WHITE ET AL., APPELLEES, *v.* OGLE;
GLOBE AMERICAN CASUALTY COMPANY, APPELLANT.

[Cite as White v. Ogle (1979), 67 Ohio App. 2d 35.]

(No. 40229—Decided December 20, 1979.)

*Messrs. McNamara, Gemperline & Wagner* and *Mr. John G. Salmon,* for appellees.

*Messrs. Gallagher, Sharp, Fulton, Norman & Mollison, Mr. Edward J. Cass* and *Mr. Neil E. Roberts,* for appellant.

JACKSON, P. J. Plaintiffs-appellees, Paul R. White and Susan D. White, a minor, filed an action in Lakewood Municipal Court seeking damages for injuries sustained by Susan White resulting from the alleged negligent operation of a motor vehicle by defendant Calvin Philip Ogle. On January 3, 1973, a judgment entry was filed reflecting a settlement reached by the parties. Pursuant to that judgment, plaintiff Susan White was awarded $9,000 and plaintiff Paul White was awarded $1,000.

When the judgment was not satisfied within 30 days after it was journalized, plaintiffs filed a supplemental complaint pursuant to R. C. 3929.06 naming Globe American Casualty Company (hereinafter "Globe") as a new party defendant. Plaintiffs alleged that Globe had issued a policy of automobile liability insurance to Calvin Philip Ogle with a policy limit of $10,000 for each person. Globe answered that the policy of insurance which was issued to Ogle expired prior to the accident, *i.e.,* on June 8, 1968. The accident in issue occurred on June 13, 1968.

Both the plaintiffs and Globe moved for summary judgment. The plaintiffs argued that since the automobile insurance policy of defendant Ogle had been certified by Globe to the Registrar of Motor Vehicles *on June 15, 1967,* in compliance with the provisions of R. C. Chapter 4509 (Financial Responsibility), the expiration date of the policy must be extended from June 8, 1968, to June 15, 1968, to be in compliance with R. C. 4509.46. That section requires that the expiration date of the policy be not less than one year from the effective date of the certificate. Globe maintained, however, that only the period of coverage contained in its policy of insurance with the insured can determine coverage and that the subject accident occurred outside that coverage, *i.e.,* on June 13, 1968.

The trial court granted plaintiffs' motion for summary judgment and entered judgment in their favor in the amount of $10,000 plus interest at six percent per annum from the date of the incident. The order of the trial court was subse-

quently amended to allow interest from January 3, 1973, the date of the original judgment entry, rather than from the date of the incident.

Globe appeals from that judgment and assigns two errors for review. The first assignment of error reads as follows:

"I. The trial court erred in ruling that appellant Globe American was liable to respond in damages pursuant to an insurance contract for an accident which occurred after the expiration of the contract."

Globe essentially argues that R. C. 4509.46 may not be used to extend the period of coverage provided in the policy of insurance. We agree for the reasons set forth herein.

It is clear from the provisions of R. C. Chapter 4509 that proof of financial responsibility is only required of those persons whose licenses have been suspended pursuant to R. C. 4507.41, 4509.32, 4509.33, 4509.34, 4509.38, 4509.40, 4509.42 or 4509.44. See R. C. 4509.45.

R. C. 4507.41 provides, in pertinent part, as follows:

"*Any person whose license or permit is suspended\*\*\*is not eligible\*\*\*to have his license returned*, until he has been examined\*\*\*and has been found by the registrar to be qualified to operate a motor vehicle, and *until such time that he gives and maintains proof of financial responsibility*, in accordance with section 4509.45 of the Revised Code." (Emphasis added.)

In addition, it is also clear that the underlying purpose for requiring "proof of financial responsibility" is to protect the motoring public. R. C. 4509.01(K) provides, in part, that:

" 'Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle\*\*\*."

One of the methods of proving financial responsibility is by filing with the Registrar of Motor Vehicles a certificate of insurance as provided in R. C. 4509.46. That section provides that:

"Proof of financial responsibility may be furnished by filing with the registrar of motor vehicles the written certificate of any insurance carrier authorized to do business in this state certifying that there is in effect a motor-vehicle liability policy

for the benefit of the person to furnish proof of financial responsibility. The certificate either shall state the expiration date of the policy, *which date shall be not less than one year from the effective date of the certificate,* or if no expiration date is stated in the certificate, then such policy shall not expire until canceled or terminated as provided in section 4509.57 of the Revised Code. The certificate shall also designate by explicit description or by appropriate reference all motor vehicles covered, unless the policy is issued to a person who is not the owner of a motor vehicle." (Emphasis added.)

In the case at bar, such a certificate of insurance was filed by Globe on behalf of Calvin Philip Ogle. The record fails to disclose when or why Ogle's driver's license was suspended. Nevertheless, on the basis that a certificate of insurance was filed on his behalf pursuant to R. C. 4509.46, we must assume that Ogle was attempting to secure the return of his suspended license by proving "financial responsibility." In the certificate, the period of coverage contained in Ogle's policy is listed as June 8, 1967, to June 8, 1968. The space on the certificate for its effective date was left blank by Globe.[2] The certificate was signed on June 14, 1967, and filed on the following day. It has been the appellees' contention that since the filing date of the certificate, June 15, 1967, controls the right of the insured (Ogle) to operate a motor vehicle within Ohio and not the date of the commencement of the policy, the expiration date of the policy must be extended to June 15, 1968, to comply with the requirement of R. C. 4509.46 that the expiration date be not less than one year from the effective date of certification. Such a result certainly could not have been the intention of the General Assembly in enacting R. C. 4509.46.

Case law construing the financial responsibility provisions

---

[2] Nevertheless, the certificate states:

"The company signatory hereto hereby certifies that it has issued to the above named insured a motor vehicle liability policy as required by the financial responsibility laws of this state, *which policy is in effect on the effective date of this certificate.*" (Emphasis added.)

Notwithstanding the absence of an effective date for the certificate, it is arguable that the intention of the insurer was to make the effective date of the certificate coincide with the effective date of the policy. Where the period of coverage is for one year, as in this case, compliance with the requirement that the expiration date of the policy be not less than one year from the effective date of certification is thereby assured.

of R. C. Chapter 4509 is sparse. However, the Court of Appeals for Franklin County has recognized that:

"* * * The issuance of a policy covering liability of an owner or operator is one act, and the certification by the insurer of the necessary financial responsibility which a named person must provide is a separate and distinct act, although it may be incidental to the issuance of the liability policy." *Globe Mutl. Cas. Co.* v. *Teague* (1967), 14 Ohio App. 2d 186, 192.

Certification by the insurer is one of the methods chosen by the legislature by which a driver whose license has been suspended may prove financial responsibility and obtain the return of his license. The requirement contained in R. C. 4509.46 that financial responsibility extend for at least one year from the effective date of certification constitutes the minimum span of time in which the driver must be able to respond in damages for liability arising out of accidents occurring subsequent to the effective date of certification. See R. C. 4509.01(K). Where the Registrar of Motor Vehicles determines that the expiration date of the policy of insurance is less than one year from the effective date of certification, the license suspension presumably may not be lifted.

It seems clear that the legislature, in requiring that the expiration date of the policy of insurance be not less than one year from the effective date of certification, did not intend that it should cause the amendment of an insurance contract which did not meet that requirement. If such a result was intended, it is reasonable to assume that the legislature would have so provided. It cannot be disputed that an insurance policy is solely a matter of contract. An insurance company is only liable according to the terms and provisions of its contract, and not otherwise. *Wood* v. *Aetna Life Ins. Co.* (1960), 112 Ohio App. 560. As the Sixth Circuit Court of Appeals held, "* * * an insurance policy [under Ohio law] is * * * *a voluntary contract* which is subject [only] to the public policy of the state * * *" (emphasis added). *L'Orange* v. *Medical Protective Co.* (C. A. 6, 1968), 394 F. 2d 57, 59. We have not been directed to any case law which states that it is the public policy of this state to cause an insurance contract to be retroactively amended *as a matter of law* to comply with the financial responsibility provisions of R. C. 4509.46. It must be the responsibility of the driver to obtain insurance which meets the requirements of these provi-

sions, for it is not the public or the insurance company which benefits from proving financial responsibility, only the driver whose license has been suspended. Therefore, failure to meet the one-year requirement merely acts to nullify the effectiveness of the certification; it will not by itself cause the expiration date of the policy to be extended as a matter of law so as to bring the policy into compliance with R. C. 4509.46.

Whether the Registrar of Motor Vehicles acted properly in this case with respect to the certification by Globe is not an issue in this appeal. The sole issue is whether the Globe policy of insurance provided coverage of the accident which is the subject of the litigation herein. Since the expiration date of the policy is clear on its face and the policy was never amended or renewed by the parties to the insurance contract, there can be no dispute that the accident of June 13, 1968, occurred subsequent to the expiration of the policy on June 8, 1968. Consequently, the insured, Mr. Ogle, was not covered under his policy with Globe, regardless of the effective date of certification. Globe is therefore not liable on the judgment entered against its former insured. As there was no genuine issue of material fact, summary judgment in this case should have been granted to the new party defendant, Globe American Casualty Company. Civ. R. 56. Globe's first assignment of error is well taken.

Globe's second assignment of error reads as follows:

"II. The court erred in entering judgment in an amount greater than the limits of the Globe American policy of insurance."

Globe contends in its second assignment of error that the judgment in the amount of $10,000 plus interest at six percent per annum from January 3, 1973, exceeds in aggregate the $10,000 liability limit of the policy. In view of our disposition of Globe's first assignment of error, this argument is moot and therefore need not be addressed.

Accordingly, we reverse the judgment of the Lakewood Municipal Court and grant judgment for the appellant.

*Judgment reversed.*

KRUPANSKY and PATTON, JJ., concur.