BRISKER ET AL., APPELLEES, *v.* IBRAHIM ET AL., APPELLANTS.

(No. 49662 — Decided
November 12, 1985.)

*Friedman, Kovacs & Angello* and
*Stephen P. Kolozvary,* for appellees.

*Rhoa, Follen, Rawlin & Johnson
Co., L.P.A.,* and *Timothy D. Johnson,*
for appellants.

JACKSON, J. The defendant below,
Gamal Ibrahim (a.k.a. Gamal Eissa), had
his driving privileges suspended because
of his unsafe driving record. In order to
regain driving privileges in this state,
Ibrahim was required to obtain satisfac-
tory proof of financial responsibility.
See R.C. 4509.45, governing proof of
financial responsibility.

An "SR-22 — AAMVA Uniform
Financial Responsibility Form
(Original)" was filed with the Ohio
Registrar.of Motor Vehicles on behalf of
Ibrahim. The SR-22 indicated that a
motor vehicle liability policy had been
issued to Ibrahim by the Nationwide
Mutual Insurance Company ("Nation-
wide"), an insurance carrier authorized
to do business in Ohio. The motor
vehicles covered by the policy were des-
ignated on the certificate. The cer-
tificate was signed by a Nationwide
employee. There was no expiration date;
the certificate continued in effect until
canceled or terminated. In other words,
the certificate complied in all respects
with the requirements of R.C. 4509.46
governing proof of financial responsibili-
ty by a domestic insurer. The state of
Ohio, relying on the certification by Na-
tionwide, restored Ibrahim's driving
privileges, as of November 15, 1977.

Sometime thereafter, Nationwide
canceled Ibrahim's policy of insurance.
However, Nationwide failed to notify
the Ohio Registrar of Motor Vehicles[1]
that it was canceling Ibrahim's in-
surance coverage. By failing to give the
required notification, Nationwide was in
violation of R.C. 4509.57 (notice re-
quired to terminate insurance certifica-
tion), which provides:

"When an insurance carrier has cer-
tified a motor-vehicle liability policy
under section 4509.46 or 4509.47 of the
Revised Code, *the insurance so certified
shall not be canceled or terminated until
at least ten days after a notice of
cancellation or termination is filed in
the office of the registrar of motor
vehicles * * *.*" (Emphasis added.)

As a result of Nationwide's failure
to provide notice of cancelation, the
Registrar of Motor Vehicles took no ac-
tion to suspend Ibrahim's driving
privileges.[2] Ibrahim continued to drive.

On September 22, 1978, Ibrahim's
vehicle collided with appellee Brisker's
automobile. Appellees filed suit against
Ibrahim and took a default judgment for
$6,500. Subsequently, appellees filed a
supplemental petition against Nation-
wide as Ibrahim's insurer.

Nationwide defended on the ground
that it was not the insurer of Ibrahim on
September 22, 1978, because it had
canceled Ibrahim's coverage prior to
that date. Thus, Nationwide argued that
it could not be liable on appellees' sup-
plemental petition because Ibrahim was
not "insured against loss or damage at
the time when the rights of action
arose." R.C. 3929.06.

The case was submitted to the trial

---

[1] Nationwide apparently notified the
Connecticut Bureau of Motor Vehicles.

[2] See R.C. 4509.66, which states:
"Whenever any proof of financial respon-
sibility filed under sections 4509.01 to
4509.78, inclusive, of the Revised Code, no

longer fulfills the purposes for which re-
quired, the registrar of motor vehicles shall
require other proof and shall suspend the
license and registration or the nonresident's
operating privilege pending the filing of such
other proof."

court on briefs and documentary evidence. The court granted appellees judgment for $6,500 against defendant Nationwide. Nationwide appeals from the decision of the trial court and assigns a single error for review:

"Entry of final judgment by the trial court in favor of plaintiff-appellee was against the weight of the evidence and must be reversed."

As noted *supra,* R.C. 4509.57 imposes an affirmative duty on insurance carriers to give notice to the Registrar of Motor Vehicles in this state ten days before canceling an insurance policy which has been certified as proof of financial responsibility by the state of Ohio. Appellant Nationwide undeniably failed to fulfill that duty.

Nationwide contends that it did not comply with this notice requirement to the Registrar of Motor Vehicles because it was unaware of the Ohio filing. There is credible evidence in the record which indicates the contrary.

To support its position Nationwide subpoenaed Elizabeth Johnson, office manager of financial security and soundex sections of the Bureau of Motor Vehicles. Financial responsibility filings are kept under her authority and control, with respect to acceptance and cancelation.

Johnson testified that the financial responsibility records of the bureau concerning Gamal Eissa Ibrahim had been destroyed, that records on a point case

pertaining to financial responsibility are retained for a period of three years, and since this was a 1976 case the records "would have expired in 1979 and been destroyed."

Consequently, Johnson was questioned by counsel for Nationwide regarding documents from its own files which were allegedly copies of documents from the files of the Registrar of Motor Vehicles pertaining to Ibrahim.

Johnson testified as follows:

That an SR-22 "is a certificate issued from an existing policy filed with the state to indicate that he presently has an effective policy that will cover him for the period of his filing time, as this one is written from 7-10-77 and continues until canceled or terminated by the company."

That *after some correspondence* between the Ohio Bureau of Motor Vehicles and Nationwide,[3] the bureau accepted "a filing made by Nationwide Mutual Insurance Company" on behalf of Ibrahim. The form filed was "an SR-22 issued by the Nationwide Insurance Company on behalf of Mr. Eissa [Ibrahim] on their policy 51968522." It was signed by a Nationwide employee.

Based on the foregoing evidence, the trial court correctly concluded that the SR-22 form in question was filed by Nationwide. There is no evidence in the record to indicate that the SR-22 was filed by anyone other than a Nationwide employee. The fact that Nationwide ap-

---

[3] On this issue Johnson testified as follows:

"A. *It indicates that we accepted on behalf, his behalf, November the 15th, 1977, a filing made by Nationwide Mutual Insurance Company under their policy, 51968522, effective from July 10th of '77 to continue.*

"Q. Okay.

"A. I really wish we had the case.

"Q. Those records are destroyed though, right?

"A. Yes, because it would indicate *this had been returned to Nationwide one time,* because by being November, and we not accepting the policy, inception date being July the 10th, and the actual acceptance date by the Bureau being July the 19th — November 19th, excuse me, it's more than 30 days difference between the date of the policy and the acceptance of the insurance. So there has been some correspondence one way or the other on that. Ordinarily our rule for acceptance is no more than 30 days upon receipt by the registrar can a policy be dated." (Emphasis added.)

parently lost track of the filing does not excuse Nationwide from its duty to give the notice required by R.C. 4509.57.

Nationwide further argues that the Bureau of Motor Vehicles should not have accepted the SR-22 for filing because it was signed by a Nationwide agent in Connecticut, not in Ohio.

The "Uniform Financial Responsibility Form" filed by Nationwide *complied fully with the requirements of R.C. 4509.46, and was accepted for filing by the Registrar of Motor Vehicles*. This court rejects Nationwide's argument that it should not be bound by the certificate because of non-statutory formal defects attributable only to Nationwide itself.

Finally, Nationwide cites this court's opinion in *White* v. *Ogle* (1979), 67 Ohio App. 2d 35 [21 O.O.3d 347], for the proposition "that R.C. 4509.46 may not be used to extend the period of coverage provided in the policy of insurance." *White, supra,* at 37. In *White,* we held that the driver whose license had been suspended had the duty to obtain insurance coverage of sufficient duration to meet the requirements of R.C. 4509.46. Where a driver was derelict in that responsibility, we held, the duration of the policy would not be extended by operation of R.C. 4509.46.

The case at bar is distinguishable from *White*. Defendant herein, Ibrahim, obtained a policy of insurance with no expiration date. It continued in force until canceled or terminated. Thus, Ibrahim was in compliance with R.C. 4509.46, and *White* is therefore inapposite. The controlling statutory section in the instant case is R.C. 4509.57, which imposes a mandatory duty on the insurer to provide notice ten days before cancelation of a certified policy. Nationwide failed to provide the required notice. As a result, Ibrahim continued to operate motor vehicles in Ohio. Under these circumstances, this court agrees with the determination of the trial court that Nationwide should not be allowed to deny coverage. We reiterate our view that "the underlying purpose for requiring 'proof of financial responsibility' is to protect the motoring public." *White, supra,* at 37. The evidence indicates that appellant Nationwide neglected its obligations under the financial responsibility laws, and appellee Brisker was damaged.

After a thorough review of all the evidence, this court is convinced that the judgment of the trial court is not against the manifest weight of the evidence.

Accordingly, the judgment is affirmed.

*Judgment affirmed.*

NAHRA and PATTON, JJ., concur.