CALIMAN, Admr., et al., Appellants,

v.

AMERICAN GENERAL FIRE & CASUALTY COMPANY, Appellee, et al.

CALIMAN, Admr., et al., Appellees and Cross–Appellants,

v.

AMERICAN GENERAL FIRE AND CASUALTY COMPANY,
Appellant and Cross–Appellee, et al.

[Cite as *Caliman v. Am. Gen. Fire & Cas. Co.* (1994), 94 Ohio App.3d 572.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920602, C–930236 and C–930260.

Decided May 11, 1994.

*Patricia K. Young,* for A. Noel Caliman, Rose Anim and Robert Anim.

*Dinsmore & Shohl, Lawrence A. Flemer* and *Michael E. Finucane,* for American General Fire and Casualty Company.

---

*Per Curiam.*

On April 18, 1984, John D. Mize ("Mize") was employed by National Life & Accident Insurance Company ("NLAI"). As an employee of NLAI, Mize was eligible to participate in his employer's group health and accident insurance plan under policy GE6500, which was underwritten by defendant American General Fire & Casualty Company ("AGFC"). Mize submitted an enrollment application for coverage under policy GE6500. Mize selected the "family plan," which included a $50,000 benefit payable upon the accidental death of his wife Amma

Anim Mize. The enrollment application stated that Mize, the employee-applicant, was his spouse's beneficiary. No one else was designated as a beneficiary of the insurance on his wife's life. The premium for Amma Anim Mize's coverage was paid by Mize through payroll deductions.

On August 25, 1984, Mize murdered his wife. He was tried, convicted and sentenced for her murder. The appeal of his conviction was dismissed as moot in September 1986 after Mize died in prison.

On December 5, 1985, while Mize's appeal was still pending, A. Noel Caliman, administrator of the estate of Amma Anim Mize, contacted John B. Allyn, legal counsel and vice-president of AGFC, regarding the payment of the $50,000 death benefit upon Mize's disqualification pursuant to R.C. 2105.19. R.C. 2105.19 provides in pertinent part:

"(A) * * * [N]o person who is convicted of, pleads guilty to, or is found not guilty by reason of insanity of a violation of or complicity in the violation of section 2903.01, 2903.02, or 2903.03 of the Revised Code * * * shall in any way benefit by the death. All property of the decedent, and all money, insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the person who caused the death of the decedent had predeceased the decedent."

Various options were discussed as a means of resolving the potentially conflicting claims for the $50,000 death benefit.

On January 29, 1986, Caliman and the parents of Amma Anim Mize filed a complaint for declaratory judgment requesting that the trial court declare that they were entitled to the $50,000 death benefit.

On August 24, 1987, Caliman and Amma Anim Mize's parents filed a separate complaint alleging bad faith on the part of AGFC in failing to pay to them the $50,000 death benefit. The case was not consolidated with the declaratory judgment action, and was assigned to a different trial judge. Motions for summary judgment by the parties were overruled. A jury trial commenced July 6, 1992, on the claim of bad faith. At the close of the plaintiffs' case-in-chief, AGFC moved for a directed verdict, which the trial court granted.

The trial court held that under policy GE6500 and R.C. 2105.19, the plaintiffs had no standing to assert a claim for the insurance proceeds payable upon the death of Amma Anim Mize because the evidence showed that Mize was the only person to whom the benefit was payable pursuant to the contract of insurance. Further, the court held that while R.C. 2105.19 disqualified Mize from obtaining the $50,000 death benefit, the statute did not invest plaintiffs with the right to receive the proceeds. The trial court also held that plaintiffs had failed to present a prima facie case of bad-faith failure to pay insurance proceeds.

Caliman and Amma Anim Mize's parents appealed the trial court's ruling in case No. C–920602.

On August 31, 1992, AGFC filed a motion in the declaratory judgment action, which was pending before another judge, requesting judgment as a matter of law based upon the doctrine of collateral estoppel. AGFC argued that plaintiffs were collaterally estopped from relitigating their right to the $50,000 death benefit because that issue had been litigated in the bad-faith action and had been decided against plaintiffs. The trial court ordered the declaratory judgment action to proceed to a bench trial on November 9, 1992. The trial court held that Amma Anim Mize's parents were entitled to the $50,000 death benefit under policy GE6500. Plaintiffs filed a motion for prejudgment interest, which the trial court overruled. AGFC appealed the trial court's judgment in the case numbered C–930236. Plaintiffs filed a cross-appeal from the denial of their motion for prejudgment interest in case No. C–930260. The appeal and cross-appeal in the declaratory judgment action were consolidated with the appeal in the bad-faith case.

We will first address the three assignments of error raised by Caliman and Amma Anim Mize's parents in their appeal from the trial court's judgment in the bad-faith action. The assignments of error, as set forth by plaintiffs, allege:

"Whether the trial court erred as a matter of law where it failed to find that the parents of Amma Anim Mize have standing to sue, pursuant to plaintiffs-appellants' motion for summary judgment;

"The trial court erred in determining the defendant-appellee's motion for summary judgment where it failed to find that the defendant-appellee engaged in bad faith;

"The trial court erred as a matter of law where it granted a directed verdict at the close of plaintiffs-appellants' case."

■ Insurance coverage is a matter of contract. See *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403. An insurance company is liable for payment of insurance proceeds only according to the terms and provisions contained in the policy of insurance. *White v. Ogle* (1979), 67 Ohio App.2d 35, 21 O.O.3d 347, 425 N.E.2d 926.

Policy GE6500 provides for the payment of the accidental loss-of-life benefit as follows:

"Payment of Claims: Indemnity for accidental loss of life will be payable in a lump sum to the beneficiary of record."

■ The enrollment application submitted by Mize stated that Mize, as the employee-applicant, was the beneficiary of the insurance coverage on his spouse,

Amma Anim Mize. No other beneficiary was designated for the insurance on his wife's life. Under the payment-of-claims provision of policy GE6500, the $50,000 was payable only to Mize as the beneficiary of record.

The distribution provision of policy GE6500 provides:

"If, at the death of the Insured, there is no surviving beneficiary, the accidental loss of life indemnity shall be payable in one sum to the first surviving class of beneficiaries, otherwise to the estate of the Insured: wife, husband, child or children, father, mother, brothers or sisters."

Plaintiffs argue that the distribution provision, in concert with R.C. 2105.19, which disqualifies Mize as a beneficiary and provides that he shall be treated as though he predeceased his wife, requires that the $50,000 death benefit be paid to the first class of surviving beneficiaries, the parents of Amma Anim Mize. We disagree.

The term "Insured" is defined in the policy of insurance as one whose name appears on a schedule maintained by the insurer. The "Schedule of Insureds" was composed of employees of NLAI who submitted enrollment applications and satisfied the eligibility requirements of the policy. The policy states that the insurer agrees:

"TO INSURE such eligible persons who are identified on the Schedule of Insureds of this policy, herein called the Insured * * *."

The term "Insured" as used in the distribution provision referred to Mize, the employee whose name appeared on the "Schedule of Insureds." The distribution provision served to direct payment of the insurance proceeds in the event that Mize died with no surviving beneficiary.

Pursuant to the terms of policy GE6500, the $50,000 death benefit on the life of Amma Anim Mize was payable solely to Mize, the beneficiary of record. Only Mize had the right to make a claim under the contract of insurance for payment of the death benefit. Mize was disqualified from claiming the death benefit by R.C. 2105.19. Under the clear and unambiguous terms of the policy, neither the estate of Amma Anim Mize nor her parents had any right to claim the death benefit. Because plaintiffs had no right to claim the death benefit, they cannot recover in tort for a bad-faith refusal to pay insurance proceeds. We hold that the trial court did not err in granting a directed verdict in favor of AGFC. The assignments of error raised by plaintiffs in the case numbered C–920602 are overruled and the corresponding judgment of the trial court is affirmed.[1]

---

1. The consequence of our affirmance of the trial court's decision in the case numbered C–920602 is that the insurer, AGFC, is relieved of liability to pay the $50,000 death benefit. It is clear that Mize obtained the policy of insurance as part of a plot to defraud the insurance

We now turn to the assignments of error raised by AGFC in its appeal from the trial court's entry in the declaratory judgment action which held that Amma Anim Mize's parents were entitled to the $50,000 death benefit under policy GE6500. The assignments of error allege:

"The trial court erred in overruling defendant-appellant's motion for a declaration of policy rights and entry of judgment as a matter of law;

"The trial court erred when it determined that the parents of Amma Anim were beneficiaries under policy GE6500 and entitled to judgment thereunder in the amount of $50,000."

AGFC argues that pursuant to the doctrine of collateral estoppel, the judgment in the bad-faith action bars plaintiffs from relitigating their rights to the $50,000 death benefit in the declaratory judgment action.

Collateral estoppel "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action." *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 112, 49 O.O.2d 435, 437–438, 254 N.E.2d 10, 13; see *State ex rel. Kirby v. S.G. Loewendick & Sons, Inc.* (1992), 64 Ohio St.3d 433, 438, 596 N.E.2d 460, 463; *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 734, 443 N.E.2d 978, 981.

"A point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 12 O.O.3d 403, 391 N.E.2d 326, syllabus.

As we stated in *Monahan v. Eagle Picher Industries, Inc.* (1984), 21 Ohio App.3d 179, 180–181, 21 OBR 191, 193, 486 N.E.2d 1165, 1168:

"In order to assert collateral estoppel successfully, a party must plead and prove the following elements:

"(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;

company by murdering his wife and collecting the policy proceeds. Mize paid only a small number of premiums before attempting to carry out his scheme. We point out that Amma Anim Mize would have had no interest in the policy if she had died a natural death or if her husband had predeceased her and, therefore, neither her estate nor her heirs have any interest in the proceeds of the policy solely because of her murder. The result is no different than if the policy had lapsed for failure to pay premiums.

"(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

"(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and

"(4) The issue must have been identical to the issue involved in the prior suit."

"The main legal thread which runs throughout the determination of the applicability of * * * collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Goodson, supra*, 2 Ohio St.3d at 200–201, 2 OBR at 739, 443 N.E.2d at 985.

■ Plaintiffs had a full and fair opportunity to be heard on the issue of whether they were entitled to claim the $50,000 death benefit in the bad-faith action. They presented the same policy of insurance and enrollment application of Mize as evidence in both cases. The trial judge in the bad-faith action held that plaintiffs had no right to claim the death benefit and that, therefore, they could not maintain an action for bad faith on the part of the insurer. The same issue, the plaintiffs' right to claim the death benefit, was involved in the declaratory judgment action. Plaintiffs had a full and fair opportunity to litigate the issue of their right to the $50,000 death benefit in the bad-faith action, which culminated in a final judgment against them. We hold that the doctrine of collateral estoppel barred plaintiffs from relitigating their right to the death benefit in the declaratory judgment action. AGFC's first and second assignments of error are sustained.

The assignment of error raised by plaintiffs in their cross-appeal, alleging that the trial court in the declaratory judgment action erred in failing to award plaintiffs interest "from August 25, 1984, the date of death of Amma Mize," is overruled. We have held that plaintiffs are not entitled to the $50,000 death benefit and, therefore, they are not entitled to interest.

The judgment of the trial court is affirmed in case Nos. C–920602 and C–930260. The judgment of the trial court is reversed in case No. C–930236 and that cause is remanded with instructions to the trial court to enter judgment in favor of AGFC and for any further proceedings consistent with law and this decision.

*Judgment accordingly.*

SHANNON, P.J., DOAN and GORMAN, JJ., concur.