WOOD, APPELLEE, *v.* AETNA LIFE INSURANCE CO., APPELLANT.

(No. 8795—Decided June 27, 1960.)

*Mr. James W. Ahlrichs,* for appellee.
*Mr. William H. Hutcherson, Jr.,* and *Messrs. Rendigs, Fry & Kiely,* for appellant.

LONG, J. This is an action commenced by the plaintiff, appellee herein, against the Aetna Life Insurance Company, appellant herein, in which plaintiff sought to recover disability benefits growing out of a policy of insurance issued by defendant to the Elmes and King Division of American Steel Foundries, for the benefit of its employees. The plaintiff obtained a judgment in the Municipal Court, which was affirmed by the Court of Common Pleas of Hamilton County.

By stipulation of the parties, the facts are not in dispute. One provision of the policy is as follows: "The insurance of an employee shall terminate upon payment of weekly benefits for the maximum period for which weekly benefits are payable under this policy for any one disability."

There is no dispute that the plaintiff received weekly benefits under the policy for 26 weeks, all in accordance with the terms of the policy, and that such payment constitutes the maximum period for which weekly benefits are payable for a disability. On July 14, 1958, subsequent to such disability, the plaintiff returned to work and remained at his employment until July 16, 1958, a period of three days. A further provision in the the policy is as follows: "Insurance Schedule: Each employee who returns to active work with the employer after his insurance had terminated by reason of weekly benefits having been paid for the maximum period for which weekly benefits are payable under the policy for any one disability, *shall again become eligible for insurance under this policy upon completion thereafter of two weeks of continuous active service.*" (Emphasis added.)

It is obvious that the policy intended that any employee who might be paid benefits for the maximum period of 26 weeks (a half year) could not return for just a day or two and then start another period of 26 weeks running in his favor, for which the insurer might become liable. What does the language mean that requires the employee to *put in "two weeks of continuous active service"*? The very purpose of this provision of the policy is to prevent just what might have happened in this case. The disability for which the maximum benefits have been paid might be a continuing one, or, at least, partially so.

It seems clear to this court that the contract of insurance provides that after an employee has received the maximum of 26 weeks of benefits, he *must*, after he returns to work, put in at least "two weeks of continuous active service" before he can become eligible for further insurance. This the plaintiff did not do. He only worked three days, and now claims that by virtue of paragraph C—"Termination of an Employee's Insurance"— the terminability of insurance applies only to any one period of disability for which he has been paid; and that his insurability is continuous so far as other disability is concerned. With this conclusion we cannot agree. According to his contract, plaintiff's insurance terminated when he was paid the maximum of 26 weeks, subject to be reinstated upon a condition which has not happened.

It is the law of Ohio, and we think the weight of authority, that an insurance policy is nothing more than a contract; that, like any other contract, it must be given a reasonable construction; that the court must look to the reasonable intendment of the language of the policy to ascertain the intention of the parties; and that it is the ordinary and common usage of words that must determine what the contract means. *Dealers Dairy Products Co.* v. *Royal Ins. Co., Ltd.,* 170 Ohio St., 336.

In 30 Ohio Jurisprudence (2d), 178, Section 163, we find this statement: ''The liability on a contract of insurance, as in any other suit upon a contract, depends upon the terms thereof, and the insured may only recover, generally speaking, according to the provisions of the contract. Stated differently, an insurance company is liable according to the terms and provisions of its contract *and not otherwise.*'' (Emphasis supplied.) *Stacey* v. *Fidelity & Casualty Co.,* 21 Ohio App., 70.

It is our conclusion that the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, should be, and it hereby is, reversed, and final judgment entered in this court for the defendant.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.