LUSK, Appellant,

v.

**IMPERIAL CASUALTY AND INDEMNITY COMPANY et al., Appellees.**

[Cite as *Lusk v. Imperial Cas. & Indemn. Co.* (1992), 78 Ohio App.3d 11.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–1130 and 91AP–1142.

Decided May 12, 1992.

**12**

*Lyman Brownfield,* for appellant.

*Porter, Wright, Morris & Arthur,* and *Brian L. Buzby,* for appellee Imperial Casualty & Indemnity Company.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.,* and *Thomas J. Keener,* for appellee Buckeye Union Insurance Company.

BOWMAN, Judge.

In May 1986, David Procario was killed when he lost control of his motorcycle while being pursued by a police cruiser driven by appellant, Bradford A. Lusk, of The Ohio State University Police Department ("OSU"). Procario's estate subsequently filed a wrongful death action in the Court of Claims against OSU and Lusk, and a simultaneous claim under Sections 1983, 1985 and 1986, Title 42, U.S.Code, in federal court.

OSU had liability insurance under an automobile policy with Buckeye Union Insurance Company ("Buckeye"), and a law enforcement policy with Imperial Casualty and Indemnity Company ("Imperial"), both appellees. During the pendency of the actions against OSU and Lusk, a dispute arose between the insurance companies concerning whether the claims would be covered by Imperial, Buckeye or both. Both insurance companies agreed to defend with a reservation of rights.

Apparently convinced that the insurers would not adequately represent his interests, Lusk retained private counsel. The insurers ultimately obtained a settlement which released Lusk from all personal liability.

Lusk and OSU brought separate declaratory judgment actions in the Franklin County Court of Common Pleas against Buckeye and Imperial. OSU sought a determination that appellees had a duty to defend without reservation, while Lusk contended that appellees were responsible for his private counsel's attorney fees. The cases were consolidated, with OSU being dismissed as a party after settlement.

The trial court then adopted a referee's report recommending that Lusk be denied reimbursement of his attorney fees. The referee found that Lusk had refused appellees' offers for representation and thwarted their efforts in this matter, that appellees had the contractual right to provide for Lusk's defense with their choice of attorneys, that appellees had not wrongfully refused to defend, and that R.C. 2743.02 provided a complete defense to Lusk in the underlying action, which would have been dismissed had Lusk filed a motion to dismiss.

Lusk appeals from the judgment of the trial court, assigning the following as error:

"Assignment of Error No. 1

"The trial court erred in holding that neither of the insurers had a conflict with the interests of the insured which invalidated its right to control selection of counsel.

"Assignment of Error No. 2

"The trial court erred in holding that an insurer with a conflict of interest avoids that conflict when it appoints outside counsel of good reputation who are not the choice of its insured.

"Assignment of Error No. 3

"The trial court erred in holding that both insurers satisfied any obligation to defend by offering to defend under a reservation of rights.

"Assignment of Error No. 4

"The trial court erred in holding that the Court of Claims suit against OSU clearly made appellant not subject to suit under 4[2] U.S.C. § 1983, 1985 and 1986."

These assignments of error are related and will be addressed together.

Lusk argues that appellees had an interest in the outcome of the litigation which was partially inconsistent with his own interests; therefore, appellees could not legitimately represent him. According to Lusk, each of appellees' goal was to avoid coverage by insisting that the claims against OSU and Lusk were based upon activities not covered by its individual policy. Since Lusk's interest was in avoiding liability altogether, he claims appellees would not have protected him.

Moreover, Lusk argues the conflict was not cured by the caliber of attorneys chosen by appellees, as he alleges the trial court held. Additionally, Lusk justifies his retention of private counsel by alleging that appellees had manifested an intent to refuse to defend him by failing to consistently offer to defend and by making the offer to defend subject to termination at any stage of the proceedings.

Finally, Lusk charges that the federal court complaint, which alleged he knowingly used excessive and deadly force, conspired to obstruct justice, falsified reports, and altered and destroyed evidence, constituted an assertion of the R.C. 2743.02(A)(1) recklessness exception to the immunity rule. As a result, he asserts a motion to dismiss that action would not necessarily have been successful since it was not self-evident that the federal court action could not be maintained against him.

OSU's automobile insurance policy with Buckeye provides, at Section IV:

"A. **WE WILL PAY.**

"1. **We** will pay all sums the insured legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies caused by an **accident** and resulting from **garage operations**.

"2. **We** have the right and the duty to defend any suit asking for these damages. However, **we** have no duty to defend suits for **bodily injury** or **property damage** not covered by this endorsement. **We** may investigate and settle any claim or suit as **we** consider appropriate. **Our** payment of the LIABILITY INSURANCE limit ends **our** duty to defend or settle."

OSU's law enforcement policy with Imperial contains the following duty to defend provision:

" * * * [T]he Company shall have the right and duty to defend any claim or suit against the Insured seeking damages on account of such wrongful acts, even if the allegations of the claim or suit are groundless, false or fraudulent,

and may make such investigation and settlement of any claim or suit as it deems expedient. However, the Company shall not be obliged to pay any claim or judgement or defend any suit, after the applicable limit of the Company's liability has been exhausted by payment of judgements or settlements."

In *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, syllabus, the Supreme Court recognized that the scope of the allegations of the complaint in the action against the insured provide the test of whether the insurer is required to defend, with the ultimate outcome of the action or the insurer's liability to the insured having no effect upon that duty. Expanding *Trainor,* the court has since held that:

"Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim." *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, syllabus.

 Under *Willoughby Hills,* the complaint need only state a claim which is potentially or arguably within the scope of coverage to invoke the insurer's duty to defend. Therefore, in determining whether a conflict of interest arose under the facts in the case before us, the question is not whether either insurer was actually responsible for covering the claims, but whether the claims were potentially or arguably within the coverage of either policy. Although appellees denied that the claims against Lusk were covered by their respective policies, *Willoughby Hills* would indicate that appellees had a duty to defend Lusk's interests regardless of whether appellees believed the claims were covered, since coverage was an issue of fact between these parties. The record reveals that appellees were prepared to, and did attempt to, honor this obligation.

Lusk essentially claims that, by agreeing to defend with reservation, appellees breached the duty to defend, since he could not rely upon their continued defense or upon the possibility that either policy covered him. He argues this situation produced a conflict of interest necessitating his retention of private counsel.

 An insurer may agree to defend even while denying liability, so long as the insurer gives notice of the reservation of rights. *Trainor, supra,* paragraph one of the syllabus. Therefore, appellees' agreement to defend with a reservation of rights was not a breach of their duty to defend.

■ Moreover, Lusk's argument that appellees' interests were adverse to his own is not persuasive, since both appellees and Lusk desired a finding of no liability. Lusk relies upon *Socony–Vacuum Oil Co. v. Continental Cas. Co.* (1945), 144 Ohio St. 382, 29 O.O. 563, 59 N.E.2d 199, for his position that it is a breach of contract for an insurer having an interest in the outcome of litigation which is even partially inconsistent with the interests of its insured to assume its insured's defense. However, in *Socony–Vacuum*, the Supreme Court held that the breach occurs where the insurer makes to the insured " * * * such a claim of nonliability for indemnification as to render it impossible for such company, in making defense, to protect both its own interests and those of the insured." *Socony–Vacuum, supra,* paragraph three of the syllabus. Therefore, the test is whether the insurer's reservation of rights renders it impossible for the company to defend both its own interests and those of its insured.

In *Socony–Vacuum*, the facts indicated that such a conflict was present, since, in that case, a question arose whether the alleged tortfeasor was an employee of the insured acting within the scope of his employment. The court found that, if the injured plaintiff were to recover, the insurer's interest was in having recovery based upon the theory of *respondeat superior*, because the policy did not cover loss for injuries caused by an employee of the insured. At the same time, the insured's interest was to have recovery based upon a determination that the alleged tortfeasor was not acting in the scope of his employment, since that finding would bring the judgment within the coverage of the policy. *Socony–Vacuum, supra,* at 396, 29 O.O. at 569, 59 N.E.2d at 204.

■ Under the facts in the case before us, appellees, OSU and Lusk all admit that Lusk was an employee of OSU acting within the scope of his employment at the time of the accident and, as such, Lusk would be covered by the policies. The dispute was not whether Lusk was covered, but whether the accident itself was covered under the law enforcement policy or under the automobile policy. The interest of both Lusk and OSU was in obtaining coverage from one or both insurers, while the interest of each insurer was in defending on the theory that the other insurer was liable and not on the theory that Lusk's liability precluded their own. An assertion that Lusk was not liable could not conflict with either insurer's position that the accident was not a covered occurrence. Because these facts suggest no set of circumstances under which Lusk would not be covered by one or both appellees, there was no conflict of interest requiring appellees to subsidize Lusk's private counsel. Moreover, the state had the obligation under R.C. 109.361 and 109.362 to represent and defend Lusk in a civil action against him, absent

a finding that Lusk acted outside the scope of his official responsibilities. OSU sought to fulfill this obligation through its insurers. Neither appellees nor OSU ever alleged that Lusk's actions were outside the scope of his employment. Buckeye made it clear to Lusk that he was free to retain his own personal counsel, but explicitly stated that " * * * this would be at [Lusk's] own expense. * * * " These facts indicate that Lusk was never without representation, that appellees and OSU had an interest in defending him, and that it was not a part of appellees' duty to defend to pay for Lusk's private counsel. There was never an indication that appellees sought to breach their duty to defend.

The record of correspondence between these parties reveals that both appellees were initially willing to defend Lusk. In its letter to Lusk dated June 29, 1987, Buckeye's representative indicated that Buckeye would be providing an investigation and defense of the federal court action; however, Buckeye reserved the right to deny coverage, " * * * or to withdraw from defense for all or any part. * * * " Lusk responded by letter, stating that, because he had not authorized Buckeye as his representative, any further filings or discovery must be conducted through Lusk's counsel. In addition, Lusk's counsel attached a bill, expecting Buckeye's reimbursement. When payment of the bill was not forthcoming, and when Buckeye continued to attempt to appear on Lusk's behalf, Lusk's counsel sent a letter in April 1988 in which he stated that:

" * * * If Buckeye agrees to withdraw its reservation of rights Mr. Lusk will not object to legal representation provided by Buckeye. Under this scenario we would expect to be compensated for all services already performed, but would not participate further in Mr. Lusk's defense. The other way in which we might resolve this situation is for Buckeye to withdraw its appointed counsel from the case, and compensate [Lusk's counsel] for past and future services rendered in Mr. Lusk's defense.

"If Buckeye insists upon maintaining its defense of Mr. Lusk pursuant to its reservation of rights letter of June 29, 1987, we will consider all possible courses of action which Mr. Lusk may have against you and your attorneys, including actions for declaratory judgment, claims for fees and damages stemming from bad faith denial of coverage and breach of contract, and disciplinary proceedings. * * * "

In May 1988, Buckeye followed with a letter stating that, because the federal court action against OSU and Lusk alleged only constitutional violations rather than negligent operation of a motor vehicle, the claim would not be covered by Buckeye's automobile policy. Buckeye then indicated that Imperial was the proper party to respond to the suit, and that Buckeye was

withdrawing its coverage and its defense of Lusk. However, this letter came *after* Lusk's letter threatening suit if Buckeye were to continue to represent Lusk and, therefore, does not support Lusk's suggestion that Buckeye's abandonment of his defense forced his retention of private counsel.

In September 1987, Imperial wrote to OSU indicating that the federal court action arose out of an automobile accident and not a law enforcement function and, therefore, would not be covered under Imperial's policy. However, in September 1988, Imperial's counsel informed OSU's counsel that, despite the fact that the federal court action had been dismissed as to OSU and despite Imperial's contention that this was an automobile accident not covered by its policy, Imperial had offered to continue to defend Lusk with a reservation of rights, which offer Lusk rejected. Imperial stated:

" * * * Our position again is that there is no coverage here for Lusk, however, we will provide a defense to him if we get [his counsel's] permission. However, it is my understanding that [OSU has] been providing a defense for him under some statutory obligation in your state. It, therefore, becomes academic and our company would continue with it's position of no coverage."

These letters make it clear that, while Lusk forbade appellees from defending him, he simultaneously demanded that they reimburse him for the expense of providing his own defense. Lusk simply could not have it both ways. Any duty appellees may have had to pay for Lusk's representation arose out of appellees' duty to defend him. Under the terms of the policies, appellees' duty to defend involved their right to select counsel and to determine the course of the litigation. Lusk could not interfere with that right while simultaneously demanding that appellees pay for his defense. See *Luntz v. Stern* (1939), 135 Ohio St. 225, 232, 14 O.O. 62, 65, 20 N.E.2d 241, 244 (material condition of the policy is breached where insured arbitrarily or unreasonably declines to assist in making a fair and legitimate defense or refuses to permit any defense to be made in his name).

Lusk finally argues that a motion to dismiss the federal court action would not have resulted in a dismissal and, therefore, the trial court improperly found that his counsel accumulated unnecessary costs. R.C. 2743.02(A)(1) provides, in part:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office of employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

The referee found, as a matter of law, that R.C. 2743.02 provided a complete defense to Lusk, as there was never a dispute as to whether he was acting in the course and scope of his employment, that the plaintiff waived any claim against Lusk by filing against the state of Ohio, and that " * * * the trial court would have quickly dismissed the action against * * * Lusk if he had but asked. * * * " Indeed, R.C. 2743.02 does appear to provide Lusk immunity from liability.

■ While the referee should not have determined, as a matter of law, how the federal court would have disposed of a motion to dismiss which was not filed, and by adopting the referee's report, the trial court determined issues not directly before it, we cannot say that this error resulted in prejudice to Lusk, since the court's determination, that a motion to dismiss would have been granted, did not change the court's finding that appellees had no conflict of interest with Lusk, that appellees did not breach a duty to defend him, and that Lusk was not entitled to attorney fees arising out of his retention of private counsel.

For the foregoing reasons, we overrule Lusk's first, second, third and fourth assignments of error, and affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

McCORMAC and DESHLER, JJ., concur.