GOLLINGS et al., Appellees,

v.

NATIONAL LIFE INSURANCE COMPANY, Appellant.

[Cite as *Gollings v. Natl. Life Ins. Co.* (1994), 92 Ohio App.3d 726.]

Court of Appeals of Ohio,
Summit County.

No. 16290.

Decided Jan. 12, 1994.

*Edward Pullekins,* for appellees.

*Lawrence R. Bach,* for appellant.

REECE, Judge.

Defendant-appellant, National Life Insurance Company ("National"), appeals the trial court's judgment that the plaintiffs-appellees, Katherine and Michael Gollings, were irrevocable beneficiaries of a life insurance policy and as such entitled to notice when the policy became due or was unpaid. We reverse.

Katherine's husband, Richard Gollings, purchased two life insurance policies from National. The first policy (Policy I), No. 1029470, was issued on August 18, 1954, with a face amount of $25,000. The second policy (Policy II), No. 1132051, was issued on November 13, 1958, in the amount of $75,000. Richard owned each policy and had reserved the right to change beneficiaries in both policies. The policies' named beneficiaries were Katherine and the lawful children of Richard. Michael, who was born in 1954, is Richard's only lawful child.

Katherine and Richard were divorced in 1970. The divorce decree required Richard to maintain his life insurance policies and to make Katherine and Michael irrevocable beneficiaries of the policies. National was not a party to these proceedings.

In March 1972, Katherine notified National of the parties' divorce. National requested a copy of the divorce decree from Katherine, which she supplied in May 1972. According to Katherine, National acknowledged her and Michael's status as irrevocable beneficiaries during these correspondences.

Policy I lapsed on June 18, 1973, due to non-payment of the premium due on that day. Katherine's counsel, Paul Christoff, learned of this lapse by October 30, 1973. After receiving this information, Christoff sent a letter to National demanding that the policy be reinstated retroactively to the date of default because Katherine had not been notified that the policy had lapsed. This demand was based on the parties' divorce decree, which ordered that Katherine and Michael be made irrevocable beneficiaries. National informed Katherine that it would not reinstate the policy and it felt it had no duty to notify her of the policy's lapse. Policy II lapsed for non-payment in November 1977. Each policy

included a right of reinstatement which would permit it to be reinstated up to three years after a lapse if a reinstatement application was filed together with all unpaid premiums plus interest. Katherine did not reinstate or attempt to force Richard to reinstate the policies after she discovered their lapse.

Katherine and Michael filed their declaratory judgment action of June 7, 1989, seeking judicial determination of their rights in the two policies National had issued. The case was referred to a referee, who filed his report finding that Katherine and Michael had no rights in the policies because Richard had not named them irrevocable beneficiaries. Katherine and Michael objected to this report and the court rejected the referee's report and found that the plaintiffs were irrevocable beneficiaries who were entitled to notice when the policies lapsed. The matter was referred to the referee on January 22, 1992, to determine the remaining issues. The referee held a second hearing and issued a report on September 3, 1992. National filed objections to this report, which the trial court denied on April 20, 1993. National appeals, raising four assignments of error. Katherine and Michael raised a cross-assignment of error which they have withdrawn.

Assignments of Error 1 and 2

"1. The trial court erred in finding that the conduct of National Life Insurance Company estopped it from asserting that plaintiffs were not irrevocable beneficiaries due to their failure to comply with the policy requirements in regard to a change in the status of the beneficiary of the policy.

"2. The trial court erred in further finding that the conduct of National Life Insurance Company constitutes a waiver of the policy requirements in regard to changing the status or identity of the policy beneficiary."

National combined these two assignments of error in its briefs and we shall do the same for purposes of analysis.

Richard had reserved the right to change beneficiaries when the policies were issued. At the time these policies were issued, Katherine and Michael were revocable beneficiaries. The policies provided the following clause regarding changing beneficiaries:

" * * * If the right to change the Beneficiary is reserved, *a new Beneficiary may be designated from time to time during the lifetime of the Insured by filing at the Home Office of the Company written notice thereof in such form as the Company may require.* No such change shall be effective unless and until it is endorsed on this policy but upon such endorsement the change shall be deemed to have been made as of the date the written notice was signed, whether the Insured is living at the time of endorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of the written

notice at its Home Office, accompanied by this policy for endorsement by the Company." (Emphasis added.)

Thus, changing Katherine and Michael's status as beneficiaries could be done only by proceeding substantially in accordance with these requirements. *Stone v. Stephens* (1951), 155 Ohio St. 595, 600, 45 O.O. 11, 13, 99 N.E.2d 766, 769. Initially, we must determine if National received notice that Katherine and Michael's status as beneficiaries had been changed.[1]

The trial court did not find that the entry of the divorce decree provided National notice of the change in the beneficiaries' status. Rather, the court found that although National was not a party to the divorce decree, it could be required to change Katherine and Michael's status as beneficiaries if it led them to believe that change in beneficiary status had been accepted. It is undisputed that Richard did not notify National of a change in the beneficiaries of the policy, so the only means for Katherine and Michael to have become irrevocable beneficiaries is by National's actions.

In order to recognize Katherine and Richard as irrevocable beneficiaries under the policy, the trial court invoked the doctrines of estoppel and waiver. The doctrine of promissory estoppel has been stated as follows:

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Talley v. Teamsters Local No. 377* (1976), 48 Ohio St.2d 142, 146, 2 O.O.3d 297, 299, 357 N.E.2d 44, 47.

An essential element of promissory estoppel is the promise itself. *Adamson v. Mgt. One, Inc.* (Apr. 28, 1993), Summit App. No. 15489, unreported, at 4, 1993 WL 129330. In its order, the trial court stated:

"There is no question that the insurance company had actual knowledge of the terms of the divorce decree establishing Katherine Gollings and Michael Gollings as irrevocable beneficiaries. The conduct of the company in corresponding with Katherine Gollings, in payment of the disability benefits under the policy and in requesting that any future modifications of the divorce decree be forwarded to it [supports a finding of estoppel]."

However, knowledge of a divorce decree's terms or requesting information regarding any future modification of that decree does not give rise to a promise

---

1. The trial court found that the policies allowed irrevocable beneficiaries the same rights and privileges as the policies' owner, including the right to notice of premiums due under R.C. 3909.07. Before we reach that issue, we must determine if Katherine and Michael were irrevocable beneficiaries under the policy.

to be bound by its terms. During the correspondence to which the trial court referred, National merely requested copies of a divorce decree and notice of any modifications of that decree. These requests do not include any promise to change Katherine and Michael's beneficiary status, nor is it reasonable to assume that by accepting this information National was agreeing to change the beneficiaries' status, absent a specific promise to that effect. Further, National paid a portion of the disability benefits to Katherine only because Richard authorized that Katherine be sent a portion of these payments. Thus, paying Katherine a portion of the benefits, or any of the other actions the court found gave rise to estoppel, were not promises that National would recognize a change in beneficiary status. Absent this promise, the court erred in finding National was estopped from asserting Katherine and Michael were not irrevocable beneficiaries. See *Adamson, supra.*

The trial court also held that National waived its right to regulate the mode and manner of a change of beneficiary. To support this principle the court cited *Atkinson v. Metro. Life Ins. Co.* (1926), 114 Ohio St. 109, 150 N.E. 748, which provides:

"The provisions in a policy of insurance regulating the mode and manner of making a change of beneficiary are for the benefit of the insurance company and may be waived by it." *Id.* at paragraph four of the syllabus.

However, in *Atkinson,* the court found a waiver because the insurance company interpleaded and stated that it had no interest in the case's outcome. Thus, the insurance company was not attempting to enforce the policy's requirements and the court found these requirements were waived. In this case, National has claimed that it has an interest in the case and it has attempted to enforce these requirements. We have found no language, and the trial court did not include any in its order, that appears to be a waiver of the policies' requirements in this case.

Further in 1973, National notified Katherine's counsel that it did not consider her to be an irrevocable beneficiary and it would not send her notice of the policies' lapse. A waiver is the voluntary relinquishment of a known right or such conduct as warrants an inference of a relinquishment of such right. *Michigan Auto. Ins. Co. v. Van Buskirk* (1927), 115 Ohio St. 598, 155 N.E. 186, paragraph one of the syllabus. See, also, *Gates v. Norris* (Sept. 14, 1988), Summit App. No. 13445, unreported, at 4, 1988 WL 95875. In this case, National did not waive its right to assert that the policies' requirements needed to be followed. Rather, National notified Katherine's counsel of its belief that it was not required to provide Katherine notice, as she was not an irrevocable beneficiary. Given National's clear denial of irrevocable beneficiary status to Katherine, we find the court erred in finding a waiver occurred as a matter of law. Further, Katherine

could have had the policies reinstated. Each policy provided that up to three years after a lapse, a policy could be reinstated by the payment of all past due premiums plus interest. After National informed Katherine that it was not waiving the change of beneficiary requirements, she could have sought an order from the domestic relations court requiring Richard to reinstate the policies or she could have reinstated the policies herself. Neither option was exercised. Thus, after Katherine was informed she was not an irrevocable beneficiary under the policy, she failed to protect her interest in the policies.

Because Richard did not comply with the policy requirements for a change of beneficiary, and the trial court erred in finding that National was estopped from asserting the policies' requirements and that it had waived any opportunity to assert these requirements, we must find that Katherine and Michael were not irrevocable beneficiaries. Accordingly, National's first two assignments of error are well taken.

### Assignments of Error 3 and 4

"3. The trial court erred in determining that the plaintiff had a right to receive notice of premiums due under the two policies in issue pursuant to Ohio Revised Code Section 3909.07.

"4. The trial court erred in adopting the report, findings of fact, and conclusions of law filed by the referee under date of September 3, 1992 as such are contrary to law and not supported by the evidence."

As each of these errors is the result of the trial court's finding that Katherine and Michael were irrevocable beneficiaries, these assignments of error are rendered moot.

The trial court's judgment is reversed, and the case is remanded for judgment consistent with this opinion.

*Judgment accordingly.*

QUILLIN, P.J., and DICKINSON, J., concur.