10

**MESSERLY**

v.

**STATE FARM FIRE AND CASUALTY COMPANY.**

Court of Common Pleas of Ohio,
Stark County.

No. 1994 CV 00481.

Decided Feb. 2, 1995.

*Ronald B. Lee* and *Laura M. Faust*, for plaintiff.

*John B. Lindamood* and *Kimberly K. Wyss*, for defendant.

HARRY E. KLIDE, Judge.

This cause came on to be heard upon the motion of plaintiff for summary judgment pursuant to Civ.R. 56. Defendant filed a combined memorandum in opposition to plaintiff's motion for summary judgment and motion for partial summary judgment. Plaintiff filed a response and a motion to strike partial summary judgment.

The facts in this case are undisputed. Defendant, State Farm Fire and Casualty Company ("State Farm"), issued an automobile liability policy to plaintiff, Ronald J. Messerly, Jr., on March 27, 1990. Even though Messerly was considered to be a "chronic late payer of premiums," State Farm nevertheless always accepted his late premiums.

Because Messerly failed to make his premium payment on August 13, 1993, he was notified on August 17, 1993, that his automobile liability insurance policy would be cancelled effective August 30, 1993, at 12:01 a.m. standard time for nonpayment of premiums. The amount due was $257.20 for the premium.

On October 8, 1993, Messerly was involved in an automobile accident at approximately 12:10 p.m. On that same day, Messerly's son-in-law, Chris Falconer, went to the State Farm agency office and paid the overdue premium of $257.20 at 3:00 p.m. At the time he paid the premium, Falconer informed the agency's employee, Kelly Mann–Kekich, that an accident had occurred earlier that day. She accepted the premium check with knowledge of the accident.

The payment transmittal was documented and forwarded to State Farm's Newark office. There, Dorothy Ruth Cooper manually entered Messerly's premium payment. At the time she entered this information, she had a copy of the transmittal and receipt of payment form in front of her, which indicated that there had been an accident earlier on the same date as payment of the premium. Upon Cooper's entry of the information, a reinstatement notice, dated October 19, 1993, was automatically issued by the computer system to Messerly, indicating that the policy was reinstated effective October 8, 1993 at 12:01 a.m.

Thereafter, State Farm sent a correction letter on October 27, 1993, stating that coverage was not effective until the time of payment, October 8, 1993 at 3:00 p.m.

■ Did State Farm, by its conduct, waive its cancellation of the Messerly automobile liability policy for nonpayment of the premium? It did.

■ A waiver is a voluntary relinquishment of a known right or such conduct that warrants an inference of relinquishment. *Turner Liquidating Co. v. St.*

*Paul Surplus Lines Co.* (1994), 93 Ohio App.3d 292, 638 N.E.2d 174; *Gollings v. Natl. Life Ins. Co.* (1994), 92 Ohio App.3d 726, 637 N.E.2d 76.

The court is not unmindful of *Petersilge v. Crawford Cty. Farmers Mut. Fire Ins. Co.* (1936), 130 Ohio St. 385, 4 O.O. 521, 199 N.E. 845, paragraph two of the syllabus, which held that "a company's mere acceptance of a delinquent assessment from a member subsequent to his known loss does not constitute an implied waiver of such suspension clause when the loss occurs during the period of delinquency, and the member is not assessed for losses occurring during that time." Courts have followed the rule of *Petersilge,* finding no waiver where there was no conduct by the insurance company inconsistent with its position that there was no coverage for the loss. *Gologram v. West & Knox Mut. Ins. Co.* (June 17, 1987), Columbiana App. No. 86–C–43, unreported, 1987 WL 12889.

The facts in this case are crystal clear. Both State Farm's duly authorized agent in Canton, Ohio, and the appropriate employee in its home office in Newark, Ohio, knew that an accident had occurred on the same day that the delinquent premium was paid and accepted by State Farm, before the reinstatement notice was issued to Messerly, that reinstated the policy effective October 8, 1993 at 12:01 a.m. It was not until October 27, 1993 before State Farm by letter in effect cancelled the policy and reinstated it effective October 8, 1993 at 3:00 p.m.

State Farm in many respects is not the unsophisticated litigant that the court frequently encounters. State Farm is extremely familiar and knowledgeable with the law and procedures that involve waiver, cancellation of policies for nonpayment of premiums and reinstatement of insurance policies. *Vaughn v. State Farm Ins. Co.* (Mar. 2, 1979), Lucas App. No. L–78–145, unreported, is an example of a somewhat similar fact pattern involving State Farm with reference to a lapsed policy that had been cancelled due to nonpayment of a premium but was subsequently reinstated.

State Farm, having full knowledge that an accident had occurred before it accepted the premium, negotiated the check, reinstated the policy the same day it received the premium, failed to issue a refund for a lapsed period of the policy, and then, nineteen days later, cancelled Messerly's policy and arbitrarily reinstated it a few hours after the accident had occurred. The above facts not only entitle Messerly to summary judgment as a matter of law, but also demonstrate reprehensible conduct on the part of State Farm that is tantamount to bad faith.

Had State Farm not been aware of the accident of October 8, 1993 when it accepted a premium, the retention of the premium without knowledge of the accident could conceivably be deemed no waiver. But this is not the case.

In summary, having considered the pleadings, depositions, the memoranda in support of and in opposition to the motion for summary judgment, and the affidavit most strongly in favor of the defendant, the court finds that there is no genuine issue of fact to be submitted to the trier of fact and concludes that the plaintiff is entitled to judgment as a matter of law. The court further finds that reasonable minds can come to but one conclusion and that conclusion is adverse to the defendant. It is hereby

ORDERED that plaintiff's motion for summary judgment is in all respects GRANTED, and it is further

ORDERED that judgment is hereby entered for plaintiff Ronald J. Messerly, Jr. and against defendant, State Farm Fire and Casualty Company, declaring that the insurance policy issued by State Farm to Ronald J. Messerly, Jr. was in effect on October 8, 1993 from 12:01 a.m. standard time and that there is coverage provided under the State Farm insurance policy for the accident in which Ronald J. Messerly, Jr. was involved on October 8, 1993.

Costs to be paid by defendant.

*Judgment for plaintiff.*