**BALLARD et al., Appellants,**

v.

**BEVERLY ENTERPRISES, INC. et al., Appellees.**

[Cite as *Ballard v. Beverly Ent., Inc.* (1995), 107 Ohio App.3d 5.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–95–019.

Decided Oct. 13, 1995.

Michael Hunter and Debra Paxson, for appellants.

C. Randolph Light and Beverly St. Clair, for appellees.

*Per Curiam.*

This is an appeal from a judgment of the Wood County Court of Common Pleas granting appellees' motion for summary judgment and denying appellants' motion for summary judgment. Pursuant to Loc.R. 12, this case is transferred to the accelerated docket.

On appeal, appellants assert the following assignments of error:

"I. The lower court erred in concluding R.C. 4111.03(A) incorporates the 8/80 overtime rule as set forth in Section 7(j) of the Fair Labor Standards Act, 29 U.S.C. 207.

"II. The lower court erred in concluding the 8/80 rule of overtime calculation is a 'method' of carrying out the 40-hour overtime mandate of R.C. 4111.03(A).

"III. The lower court erred in concluding the language of R.C. 4111.03(A), as amended, is ambiguous.

"IV. The lower court erred in concluding the factors set forth in R.C. 1.49 support a conclusion that the General Assembly intended the 8/80 overtime rule as set forth in Section 7(j) of the Fair Labor Standards Act, 29 U.S.C. 207, to be incorporated in R.C. 4111.03(A)."

This court has fully and carefully reviewed the record and the law which is applicable to the facts of this case. We find that the decision of the trial court, No. 94-CV-072, is an appropriate and correct discussion of the facts and the law involved in this civil dispute.

We, therefore, adopt the trial court's decision (see Appendix) and find appellants' assignments of error not well taken.

*Judgment affirmed.*

HANDWORK, GLASSER and SHERCK, JJ., concur.

APPENDIX

WOOD COUNTY COURT OF COMMON PLEAS

No. 94-CV-072

Decided Feb. 7, 1995

GALE WILLIAMSON, Judge.

This case is before the court on plaintiffs' motion for partial summary judgment and defendants' motion for summary judgment. The issue presented for summary judgment is the interpretation of R.C. 4111.03(A) and its application to the facts of this case. The parties agree that there are no disputed material facts before the court although the defendants have reserved certain defenses in the event that the court interprets the statute in favor of the plaintiffs. Accordingly, the only issue presented by these motions is the proper application of the Ohio statute.

8

## FACTS

Defendant Beverly Enterprises, doing business in Ohio as Community Nursing Home, is a wholly owned subsidiary of defendant Beverly Enterprises, Inc., a Delaware corporation. Beverly Enterprises, Inc., operates a variety of nursing homes and health care institutions throughout the United States. The plaintiffs in this action are several current or former employees of Community Nursing Home.

The plaintiffs have leveled three allegations against the defendants: (1) that defendants have failed to pay the plaintiffs overtime in accordance with R.C. 4111.03(A), (2) that defendants have failed to maintain accurate records of hours worked by their employees as required by R.C. 4111.08, and (3) that defendants have failed to pay the aforementioned overtime wages for more than thirty days after they came due in violation of R.C. 4113.15(B).

## DISCUSSION

Civ.R. 56 provides that summary judgment shall by granted if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, show (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, which is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

██ Upon the filing of a motion for summary judgment the court must review the facts in evidence, and if those facts which are material to the outcome of the case are not disputed and demonstrate that the movant is entitled to a judgment in its favor as a matter of law, then summary judgment will be granted. In addition to the motions for summary judgment, the court has reviewed all of the statutes in question, the legislative history of the 1987 amendments to R.C. 4111.03, and a poster promulgated by the Ohio Department of Industrial Relations.

The question presented for summary judgment is whether defendants' method of computing overtime hours comports with the Ohio overtime wage law, R.C. 4111.03, which is loosely based upon the federal Fair Labor Standards Act ("FLSA"), Title 29, U.S.Code, Section 207 *et seq.* Section 207(a)(1) establishes the standard method of computing overtime, commonly known as the "Over 40" method. This method requires the employer to pay overtime wages (*i.e.*, time-and-a-half) to any employee who works more than forty hours in one week.

Section 207(j) allows certain employers, including health care facilities such as Community Nursing Home, to use what is known as the "8/80" method. Under this approach, the employer pays overtime wages to an employee for every hour worked in excess of eight hours per day, or for every hour worked in excess of eighty hours in two weeks. From the outset, it must be understood that on the face of the statutes, neither method is necessarily more or less generous. Whether a computation will allow more overtime pay depends upon the specific hours worked.

The plaintiffs assert that the Ohio overtime law does not permit any employers to utilize the 8/80 method, which is the method utilized by Community Nursing Home. Defendants assert that the Ohio statute does incorporate the 8/80 method. R.C. 4111.03(A) states:

"An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, in the manner and methods provided in and subject to the exemptions of section 13 of the 'Federal Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C. 207, 213, as amended."

Section 213, referred to in the Ohio statute simply as "section 13," provides several exemptions to the Over 40 scheme which do not apply to the parties in the instant case.

R.C. 1.42 dictates that statutes "shall be read in context and construed according to the rules of grammar and common usage." In *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686, the Court of Appeals for Hamilton County summarized the law of statutory interpretation in Ohio. That court stated:

"The interpretation of a statute is the determination of what the statute means. The interpretation starts and ends with the words chosen by the legislature, but is not limited to the words alone, because the whole context of the enactment must be considered.

"The process of interpretation requires (1) a decision about the purpose to be attributed to the statute and (2) a decision about the meaning of the legislature's words that will carry out that purpose. The words have a double function: They serve as guides to discovery of the purpose, and they serve as limitations on the extent of the statute's applications. The words must be taken in the usual, normal or customary meaning." *Id.* at 72, 536 N.E.2d at 689.

In the instant case, the plaintiffs read the Ohio statute to mandate the Over 40 rule subject only to the exemptions of Section 213, which are inapplicable to Community Nursing Home. The defendants assert that the clause "in the

manner and methods provided in" incorporates Section 207(j), which permits the 8/80 method, and that the Ohio statute's general citation to Section 207 supports this interpretation.

Contrary to the assertions of both parties, the meaning of the statute is ambiguous; only upon close inspection does its mandate seem clear. On its face, the statute appears to require employers to apply the Over 40 computation, subject only to the limitations set forth in Section 13 of the FLSA. When the statute is read in conjunction with Section 13, however, an ambiguity arises as to the proper interpretation of two clauses, "in the manner and methods provided in" and "subject to the exemptions of." Clearly, "subject to the exemptions of" modifies "section 13." It is less clear what the "manner and methods" clause is intended to modify. Webster's Third New International Dictionary (1986) 1376, defines "manner" as "the mode or method in which something is done or happens: a mode of procedure or way of acting." It defines "method" as "a procedure or process for attaining an object; * * * a way, technique, or process of or for doing something." *Id.* at 1422–1423. All of the provisions in Section 13 of the FLSA are most accurately categorized as "exemptions," which Webster's defines as "freedom from any charge or obligation to which others are subject." *Id.* at 795. Section 13 of the FLSA does not contain any provision that could properly be categorized as a "manner" or "method." Furthermore, if the "manner and methods" clause is interpreted to modify "section 13," then the "subject to the exemptions" clause becomes redundant. Therefore, the "manner and methods" clause would seem to modify something other than "section 13."

The only alternative construction is that "in the manner and methods provided in" modifies the clause "of the Federal Fair Labor Standards Act." This interpretation essentially amounts to reading the statute as if it contains commas that it currently does not. Specifically, this interpretation approaches the statute as if it read, "in the manner and methods provided in, and subject to the exemptions of Section 13 of, the 'Federal Fair Labor Standards Act of 1938.'" This alternative interpretation abuses a grammatical rule, but it makes the statute more sensible when read contextually. This interpretation is also supported by the fact that R.C. 4111.03(A) cites Section 207, Title 29, U.S.Code. That section does contain manners and methods of computation, including the 8/80 method. A conflict arises, then, between what would appear to be the plain meaning of the statutory language and this alternative construction which attempts to give a logical meaning to the statute when read contextually.

When a statute is ambiguous, as is the present case, Ohio courts may rely upon the canons of construction which are codified in R.C. 1.49. This statute states:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of a statute."

Many of these factors offer guidance as to the proper interpretation of R.C. 4111.03(A), but this list does not purport to be exhaustive, nor is any factor given particular weight over any other. Because relevant portions of the statute in question have been amended, it is important to consider the goal and purpose of those amendments.

Prior to its amendment in 1987, R.C. 4111.03(A) stated:

"An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Federal Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended." See 147 Ohio Laws, Part II, 3672, 3964.

Plaintiffs argue that by deleting "section 7" from the statute, the legislature intended to eliminate from Ohio law all of the provisions contained within that section, including the provision allowing computation under the 8/80 method. Defendants argue instead that the deletion of "section 7" was intended to accomplish a much narrower function, and that the legislature intended the 8/80 method to remain intact.

The plaintiffs' position carries with it the weight of the presumption that the legislature was aware of and intended to accomplish the consequences of the amendment. A facial comparison of the old statute with its revised counterpart seems to suggest that whereas Section 7 provisions were once incorporated into the statute, they are now excluded. This was the same conclusion reached by Judge Ann Aldrich of the United States District Court for the Northern District of Ohio in an unreported decision, *Howell v. Jones,* case No. 4:92 CV 1825. In her decision, Judge Aldrich states that the meaning of R.C. 4111.03(A) can be determined by its plain terms, but she supports her interpretation primarily by reference to the 1987 amendment. After careful consideration, this court respectfully declines to adopt Judge Aldrich's reasoning.

The strongest evidence that the legislature did not intend to prohibit the Section 7 provisions is the fact that nowhere in the extensive legislative history of the amendment is the elimination of the 8/80 method, or of any other of the Section 7 provisions, contemplated or debated. The preamble to the text of Am.Sub. H.B. No. 178 states that the purposes of the amendments were "to establish new benefits for certain state employees exempted from the Collective Bargaining Law, to make other changes in the Civil Service Law, to exclude members of certain boards from the Public Employees Retirement System, to remove the mandatory retirement age for members of the Public Employees Retirement System, and to declare an emergency." See 142 Ohio Laws, Part II, 2564.

Neither the statements of the bill's sponsor, nor the testimony of witnesses appearing in support of the bill, nor the comments to proposed legislation as compiled by the Legislative Service Commission, reveal any intent to prohibit the 8/80 method. In fact, these statements indicate that the purpose of the bill was to bring Ohio law into compliance with the FLSA as it pertains to compensatory time off for overtime hours worked by public employees.

Furthermore, the fact remains that the legislative history is devoid of any reference to the 8/80 method or the possibility of its abolition. The provisions of Section 7 apply in various forms to individual contractors, piece rate employees, retail and service establishment employees, health care providers, fire protection and law enforcement employees, domestic employees, tobacco industry employees, and transportation system employees. If R.C. 4111.03(A) were interpreted so as to preclude the Section 7 provisions, all Ohio employers in these industries which currently rely on federally authorized methods of overtime computation other than the Over 40 method would have to restructure their overtime payment programs, and might be liable for back pay. These employers might also be guilty of misdemeanors for these wage violations under R.C. 4111.99(A). R.C. 1.47(C), which codifies the presumption that statutory enactments are intended to accomplish just and reasonable results, proscribes such an interpretation of R.C. 4111.03(A). It strains the limits of credulity to think that the Ohio legislature intended to accomplish such dramatic results, to diverge so drastically from the federal design, without a modicum of discussion.

It is impossible to determine exactly why the legislature deleted "section 7" from R.C. 4111.03(A). It is notable, though, that Section 207 of the FSLA does contain provisions which address compensatory time off for overtime hours worked by public employees. It is quite possible that the legislature deleted "section 7" in order to eliminate confusion as regards the amendments it was then making to Ohio's compensatory time-off laws. Additionally, the 1987 bill included several amendments that were obviously designed to effect nonsubstantive

changes. Section 124.81(D) of Am.Sub. H.B. No. 178, for example, amended the clause "Nothing in this section shall affect" to read "This section does not affect." Thus it is possible that the amendment to R.C. 4111.03(A) was not intended to make a substantive change to Ohio overtime wage law.

Also worthy of consideration is a poster published by the Ohio Department of Industrial Relations ("ODIR"). This poster, which ODIR requires employers to hang in a conspicuous place, specifically states that health care providers are entitled to rely upon the 8/80 method. The poster's statements are not dispositive. Ohio case law offers no guidance as to whether such a poster qualifies as "an administrative construction of the statute," as contemplated by R.C. 1.49. Nor, as Judge Aldrich observed, does the poster reveal the basis for ODIR's determination that the 8/80 method is permitted. Nevertheless, the poster does indicate that the Ohio agency most significantly involved in the application of Ohio overtime law does not believe that the 8/80 method has been revoked. As a reflection of ODIR's position regarding Ohio law, the poster merits consideration. It supports this court's holding that the 1987 amendments to R.C. 4111.03(A) were not intended to prohibit the use of the 8/80 method in this state.

Finally, the defendants have argued, and the plaintiffs have denied, that in R.C. 4111.03 is interpreted to prohibit the 8/80 method, then it is preempted by the FLSA. Because the court holds that the Ohio overtime statute does not prohibit the 8/80 method, it does not decide the issue of preemption.

In light of all of the evidence in the record, as construed in the plaintiffs' favor, the defendants' motion for summary judgment must be granted.

*So ordered.* [1]