## PERMANENT GENERAL INSURANCE COMPANY

v.

### BEDWELL.

Hamilton County Municipal Court,
Civil Division.

No. 00 CV 09989.

Decided Feb. 16, 2001.

*James E. Garrison,* for plaintiff.

*Wehrman & Wehrman* and *D. Anthony Brinker,* for defendant.

---

JAMES PATRICK KENNEY, Judge.

This cause came for hearing on plaintiff's motion for summary judgment and on defendant's motion for summary judgment. Defendant Neal E. Bedwell obtained a policy of automobile insurance from plaintiff Permanent General Insurance Company. Defendant paid a down payment and was to pay a premium each month. The policy became effective on August 11, 1998.

In accordance with R.C. Chapter 4509, plaintiff certified proof of insurance to the Ohio Bureau of Motor Vehicles. Defendant's next payment was to be paid by September 11, 1998. However, a payment was not made at that time. On September 20, 1998, defendant was involved in an automobile accident. The following day defendant paid a premium to Permanent General Insurance Company.

Permanent General, on October 2, 1998, sent by certified mail a "Reservation of Rights Letter" to defendant, which letter was returned unclaimed. Plaintiff also sent this letter by ordinary mail. On November 9, 1998, plaintiff again sent defendant a letter by certified mail and enclosed a copy of the previously sent reservation of rights letter. This letter was also returned unclaimed.

Plaintiff investigated the accident and paid $7,739 to a third party for damages from the accident. Plaintiff issued two checks in settlement of the claims of the third party. The first check, issued on January 6, 1999, was in the amount of $7,500. A second check, issued April 13, 1999, was in the amount of $239.

In the plaintiff's motion for summary judgment, Permanent General admits liability to the injured third party but claims that the defendant must reimburse plaintiff for the amount expended on behalf of the defendant under the terms of the policy. Defendant, in his motion for summary judgment, claims that the terms of R.C. Chapter 4509 required plaintiff to keep the policy in full force and effect as to defendant on the date of the accident. The defendant further claims that acceptance of the insurance premiums after the loss waives any claim that the policy was not in effect. Finally, defendant argues that the payment and defense of the claim establish a waiver and/or estoppel of the defense of noncoverage.

The court finds that there are no genuine issues of material fact and that the plaintiff is entitled to judgment as a matter of law.

In accordance with Civ.R. 56, the court should grant summary judgment when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. The nonmoving party is entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. If those facts material to the outcome of the case are not disputed and show that the movant is entitled to judgment in its favor as a matter of law, then summary judgment should be granted. *Ballard v. Beverly Ent., Inc.* (1995), 107 Ohio App.3d 5, 8, 667 N.E.2d 993, 995.

R.C. 4509.01(K) states: " 'Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring

subsequent to the effective date of such proof." R.C. 4509.45 goes on to describe how proof of financial responsibility may be given.

One of the methods is by filing a "certificate of insurance" as provided in R.C. 4509.46 or 4509.47. R.C. 4509.46 states:

"Proof of financial responsibility may be furnished by filing with the registrar of motor vehicles the written certificate of any insurance carrier authorized to do business in this state certifying that there is in effect a motor-vehicle liability policy for the benefit of the person to furnish proof of financial responsibility. The certificate either shall state the expiration date of the policy, which date shall be not less than one year from the effective date of the certificate, or if no expiration date is stated in the certificate, then such policy shall not expire until canceled or terminated as provided in section 4509.57 of the Revised Code."

R.C. 4509.57 sets out the notice requirements to terminate the insurance certification. This section states: "When an insurance carrier has certified a motor-vehicle liability policy under section 4509.46 or 4509.47 of the Revised Code, the insurance so certified shall not be canceled or terminated until at least ten days after a notice of cancellation or termination is filed in the office of the registrar of motor vehicles."

The courts in Ohio have made it clear that the purpose of the Financial Responsibility Act is to protect the motoring public and is only secondarily directed towards the insurers. *White v. Ogle* (1979), 67 Ohio App.2d 35, 37, 21 O.O.3d 347, 348–349, 425 N.E.2d 926, 927–928; *True v. Currens* (1985), 27 Ohio App.3d 160, 161, 27 OBR 192, 193–194, 499 N.E.2d 1287, 1288–1289. Ohio courts have further established in reviewing the requirements of the Financial Responsibility Act and the legislative intent that "[t]he issuance of a policy covering liability of an owner or operator is one act, and the certification by the insurer of the necessary financial responsibility which a named person must provide is a separate and distinct act, although it may be incidental to the issuance of the liability policy." *Globe Mut. Cas. Co. v. Teague* (1967), 14 Ohio App.2d 186, 192, 43 O.O.2d 394, 397, 237 N.E.2d 614, 618.

■ In the present case, the plaintiff provided certified proof of financial responsibility on the defendant as a means to prove defendant's ability to respond to any liability from an accident. Plaintiff, in fact, did respond in damages for defendant's liability and paid the claim of the third party. Defendant's insurance was cancelled for failure to pay the premium due on September 11, 1999, prior to the date of the accident. Defendant contends that he is not required to reimburse plaintiff for the money expended to settle this claim because under R.C. 4509.57, the certified insurance could not be cancelled "until at least ten days after a notice of cancellation or termination is filed."

The plaintiff fulfilled the goals of the Financial Responsibility Act in protecting the motoring public by paying the claim from the accident. This is what is required by R.C. Chapter 4509. The notice requirement of R.C. 4509.57 is intended to protect the public and deals with the separate and distinct act of certification for the purposes of driving privileges.

The first act, the issuing of the insurance policy and its terms, is a distinct act to be determined under the provisions of the contract. "An insurance company is only liable according to the terms and provisions of its contract, and not otherwise." *White v. Ogle*, 67 Ohio App.2d at 39, 21 O.O.3d at 350, 425 N.E.2d at 929, citing *Wood v. Aetna Life Ins. Co.* (1960), 112 Ohio App. 560, 16 O.O.2d 463, 171 N.E.2d 354. Defendant was to make monthly payments on the policy that he obtained from plaintiff Permanent General. A provision is contained on the monthly payment voucher stating: "[I]f full payment is not received by the due date your automobile insurance policy number 200D8109281 with Permanent General Assurance Corporation will unfortunately be cancelled effective 12:01 a.m. on 9/11/98. If payment is made after the cancel date your policy may be reinstated, at the sole discretion of the company, with a lapse in coverage."

It is undisputed that because of a lack of payment, this policy, under its terms, would be cancelled on September 11, 1998. Although the Financial Responsibility Act requires Permanent General to continue to provide protection for the motoring public for ten additional days, the Act does not prohibit Permanent General from obtaining reimbursement from the defendant for the amounts expended. The insurance policy contains a clause setting out the defendant's duty to reimburse: "When the policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The insured agrees to pay us for any payment we would not have had to make under the terms of this policy except for this agreement." In fact, R.C. 4509.55(B) envisions such limitations and states: "Any motor-vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for such sections."

Except for the sections of R.C. Chapter 4509, the plaintiff would not have been liable for the damage resulting from defendant's auto accident. Therefore, under the contract of insurance, the defendant is liable for repayment to the plaintiff.

Defendant further argues in his motion for summary judgment that the acceptance of the insurance premiums after the date of the accident waives any cancellation or forfeiture of the insurance policy. Ohio courts have applied the doctrines of estoppel and waiver to insurance contracts under certain circum-

stances.  See *Turner v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio App.3d 292, 638 N.E.2d 174; *Pedler v. Aetna Life Ins. Co.* (1986), 23 Ohio St.3d 7, 23 OBR 6, 490 N.E.2d 605; *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311.  In *Messerly v. State Farm Fire & Cas. Co.* (1995), 69 Ohio Misc.2d 10, 647 N.E.2d 890, the insurer had "full knowledge that an accident had occurred before it had accepted the premium, negotiated the check, reinstated the policy the same day it received the premium, failed to issue a refund for a lapsed period of the policy, and then, nineteen days later, cancelled [the insurance] policy and arbitrarily reinstated it a few hours after the accident had occurred."  *Id.* at 12, 647 N.E.2d at 892.  The insured was entitled to summary judgment because the insurer, by its conduct, waived its cancellation of the automobile liability policy for nonpayment of the premiums.  Ohio Jurisprudence also states: "In some cases, though, the acceptance of a past-due premium or assessment after a loss with knowledge of the loss may constitute a waiver of and a forfeiture for the non-payment of the premium."  58 Ohio Jurisprudence 3d (1985), Insurance Section 747, citing *State Auto Mut. Ins. Assn. v. Spileski* (App.1931), 10 Ohio Law Abs. 618, 1931 WL 2647.

■■  One waives a right by voluntarily relinquishing that right or engaging in conduct that causes an inference of a relinquishment of that right.  *Gollings v. Natl. Life Ins. Co.* (1994), 92 Ohio App.3d 726, 730, 637 N.E.2d 76, 79, citing *Michigan Auto. Ins. Co. v. Van Buskirk* (1927), 115 Ohio St. 598, 155 N.E. 186, paragraph one of the syllabus; *Turner, supra,* at 295, 638 N.E.2d at 176–177.  As shown by affidavit and exhibits in this case, the plaintiff accepted defendant's premium ten days after it was due.  However, the affidavits also show that Permanent General had no knowledge · of the accident that had occurred.  An insurance company depositing a check in the ordinary course of business is insufficient in and of itself to establish a waiver of rights or an estoppel.  *Wygant v. Continental Ins. Agency* (Jan. 22, 1999), Hamilton App. No. C–980012, unreported, 1999 WL 22260; *Schwer v. Benefit Assn. of Ry. Emp.* (1950), 153 Ohio St. 312, 41 O.O. 303, 91 N.E.2d 523; *Gast v. W. Am. Ins. Co.* (June 25, 1980), Hamilton App. No. C–790357, unreported.  Even combined with the failure to reissue a refund, the acceptance and processing of the check does not create an inference of a relinquishment of rights.

■  Finally, defendant argues that Permanent General waived and is estopped from setting up the defense of noncoverage by its defense and payment of the claim from the defendant's accident.

In support of this proposition, defendant cites Ohio Jurisprudence 3d as follows:

"A liability insurer which assumes and conducts the defense of an action against the insured with knowledge of facts taking the accident or injury outside the coverage of the policy, and without disclaiming liability or giving notice of a reservation of its right to deny coverage, is thereafter precluded in an action upon the policy from setting up the defense of noncoverage." 59 Ohio Jurisprudence 3d (1985), Insurance, Section 1047, citing *Socony–Vacuum Oil Co. v. Continental Cas. Co.* (App.1944), 45 Ohio Law Abs. 458, 67 N.E.2d 836.

 Ohio courts have held that an insurer has a duty to act in good faith in handling claims and in the payment of claims. *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, paragraph two of the syllabus; *Dietz–Britton v. Smythe, Cramer Co.* (2000), 139 Ohio App.3d 337, 743 N.E.2d 960. Good faith is not exercised if a company refuses to pay a claim under circumstances that do not furnish reasonable justification for its denial. *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, paragraph one of the syllabus. The insurer's duty to defend is invoked if a claim potentially or arguably is within the scope of coverage. *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555; *Lusk v. Imperial Cas. & Indemn. Co.* (1992), 78 Ohio App.3d 11, 603 N.E.2d 420.

In the present case, the claim was potentially within the scope of coverage under the policy and the provisions of the Financial Responsibility Act. Plaintiff Permanent General had a duty to handle this claim by investigating and paying the claim as necessary.

 Ohio courts have also held as a general rule that a waiver and estoppel cannot be used to expand coverage of a policy. *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 668, 597 N.E.2d 1096, 1103–1104. However, an exception to this rule is recognized, and waiver and estoppel have been accepted when an insurance company provides a defense without reserving its rights under the policy. *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio App.3d 292, 299, 638 N.E.2d 174, 179. An insurer can provide a good-faith defense and not waive its rights under the policy by giving the insured a notice of reservations of rights; *Turner; Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph one of syllabus; *Lusk, supra; Collins v. Grange Mut. Cas. Co.* (1997), 124 Ohio App.3d 574, 577, 706 N.E.2d 856, 858. The plaintiff's affidavits and exhibits clearly show that a reservation of rights was sent to defendant Bedwell. The company sent a certified letter to Bedwell and, when this came back unclaimed, sent a letter by regular mail. A followup letter was also sent to Bedwell, requesting his cooperation in the matter. All of these were ignored by defendant Bedwell.

There is nothing in the record by affidavit or exhibit, putting in question whether Bedwell received this reservation of rights by regular mail at his address. Further, defendant refused to claim the certified notice sent. Permanent General provided notice of its reservation of rights and proceeded in good faith to investigate and settle the claim. Permanent General did not waive any rights to dispute coverage nor is it estopped from raising claims of noncoverage.

The court, therefore, finds that there are no disputed issues of fact and grants plaintiff's motion for summary judgment. The court grants judgment to plaintiff in the amount of $7,739, interest from the date of this judgment, and costs to the defendant. Accordingly, defendant's motion for summary judgment is denied.

*Judgment accordingly.*